

**FILED**
February 24, 2025 10:54 AM
SX-2021-CV-00405
**TAMARA CHARLES**
**CLERK OF THE COURT**

### IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

SHELLEY MOORHEAD and )    CASE NO. SX-2021-CV-00405
CHARLES C. MOORHEAD, )
                       Plaintiffs, )

v. )

JEFFREY MOORHEAD and )
JEFFREY B. C. MOORHEAD, LLC, )
a U.S. Virgin Islands Limited Liability )
Company, )

                     Defendants. )
_____ )

## <u>ORDER</u>

**THIS MATTER** is before the court on Defendants' Motions to Dismiss with Prejudice, filed November 5, 2021, and October 2, 2023. For the reasons set forth in the Memorandum Opinion entered this day, cited as 2025 VI Super 6U, it is hereby

**ORDERED** that the Motion to Dismiss is **DENIED**; and it is further

**ORDERED** that copies of this Order and the Memorandum Opinion shall be distributed to Nathan Mirocha, Esq. and Jeffrey Moorhead, Esq.

DATED:  February **24**, 2025

                                                     **Kathleen Mackay**
                                         Judge of the Superior Court
                                         of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**DONNA DONOVAN**
Court Clerk Supervisor 2/24 2025

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
February 24, 2025 10:54 AM
SX-2021-CV-00405
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| SHELLEY MOORHEAD and | ) | CASE NO. SX-2021-CV-00405 |
| CHARLES C. MOORHEAD, | ) | |
|       Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY MOORHEAD and | ) | |
| JEFFREY B. C. MOORHEAD, LLC, | ) | |
| a U.S. Virgin Islands Limited Liability | ) | |
| Company, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |

Cite as 2025 VI Super 6U

## MEMORANDUM OPINION

¶1    **THIS MATTER** is before the court on Defendants' Motions to Dismiss with Prejudice, filed November 5, 2021, and October 2, 2023.[1] For the reasons set forth herein, Defendants' Motion to Dismiss with Prejudice will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    Plaintiffs Shelley Moorhead ("Shelley") and Charles Moorhead ("Charles") filed their complaint in this matter on May 14, 2021. On November 5, 2021, Defendants Jeffrey Moorhead ("Jeffrey") and Jeffrey B. C. Moorhead, LLC ("Moorhead LLC"), filed a Motion to Dismiss with Prejudice. Shelley and Charles did not file a response within the time allowed by the Rules. On March 23, 2023, the court ordered Shelley and Charles to file a response by April 23, 2023, failing which the motion may be granted. After Shelley and Charles still did not respond, Jeffrey and

---

[1] Plaintiffs filed a response on October 16, 2023.

Moorhead LLC filed another Motion to Dismiss with Prejudice, to which Shelley and Charles responded.

¶3     Shelley and Charles' claims center around No. 48 King Street, Christiansted, St. Croix, U.S. Virgin Islands. In 1949, the property was gifted to Esther Moorhead. On July 19, 1994, she transferred her interest in the property to Raymond Moorhead, the father of Shelley, Charles, Jeffrey, and non-party Tiffany Moorhead, but Esther maintained a life estate. On August 9, 1994, Esther Moorhead entered into a commercial lease agreement with Jeffrey, thereby leasing to Jeffrey a portion of the premises located at the property. After Raymond Moorhead died in December 1997, Esther Moorhead continued to maintain her life estate in the property. Shelley, Charles, Jeffrey, and Tiffany inherited an equal interest in the property from Raymond's Estate. Following Esther Moorhead's death in 2003, title in the property transferred to Shelley, Charles, Jeffrey, and Tiffany in equal, undivided interests. The leasehold interest held by Jeffrey also terminated upon Esther Moorhead's death, but he continued to occupy the leased space.

¶4     On September 3, 2009, Jeffrey executed a quitclaim deed, transferring his 25% interest in the property to Tiffany Moorhead, which coupled with the 25% interest she already owned, gave her 50% interest in the property. Jeffrey continued to occupy the previously leased space on the property. Tiffany and Jeffrey did not enter into a lease agreement concerning the premises. Shelley and Charles allege that neither Jeffrey nor Moorhead LLC paid any rent to Shelley or Charles for the continued use of the property.

¶5     Shelley and Charles's complaint alleges two counts of unjust enrichment and two counts of civil trespass against Jeffrey and Moorhead LLC, based on their continued occupancy of the property. Shelley and Charles assert that Jeffrey's and Moorhead LLC's continued use and

occupancy of the property has deprived them of the opportunity to rent and receive income from the property, and prevented them from accessing the space that Jeffrey and Moorhead LLC are using.

## LEGAL STANDARD

¶6     Virgin Islands Rule of Civil Procedure ("V.I. R. Civ. P.") 12(b) lists defenses to a claim for relief, which a party may assert by motion.

¶7     V. I. R. Civ. P. 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted. The Virgin Islands is a notice pleading jurisdiction for purposes of stating a claim. V.I. R. Civ. P. 8 (a)(2). The purpose of the notice pleading standard is to avoid "dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." V.I. R. Civ. P. 8 Reporter's Note; *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017).[2] Thus, the Court takes an "even more liberal approach than that prescribed by Virgin Islands precedent applying Fed. R. Civ. P. 8(a)(2) when considering if a complaint adequately alleges facts that put an accused party on notice of claims brought against it." *Brathwaite v. H.D.V.I. Holding Co., Inc.*, No. ST-16-CV-764, 2017 WL 2295123, at *2 (V.I. Super. Ct., 2017). To evaluate a motion to dismiss for failure to state a claim, a court "merely tests whether the claim has been adequately stated in the pleading;" it does not address the merits of the claim. *Oxley v. Sugar Bay Club & Resort Corp.*, No. ST-18-CV-96, 2018 WL 4002726, at *2 (V.I. Super. Ct., 2018).

---

[2] The Defendants' motion to dismiss relies upon *Iqbal* and *Twombly*. But after the Virgin Islands adopted V.I. R. Civ. P. 8, the standards set out in *Iqbal* and *Twombly* no longer apply. *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017).

## DISCUSSION

### I.    Failure to comply with Court Order

¶8    First, Jeffrey and Moorhead LLC argue that the Motion to Dismiss should be granted because Shelley and Charles failed to file a timely response to Jeffrey and Moorhead LLC's Motion to Dismiss. The court previously issued an Order setting a deadline for Shelley and Charles to respond to the Motion to Dismiss after their response was already untimely according to the Virgin Islands Rules of Civil Procedure. Shelley and Charles did not file their response until five months after the date ordered by the Court.

¶9    While the court does acknowledge that Shelley and Charles's response is extremely untimely, the court has chosen to consider Shelley and Charles's response and use it in addressing Jeffrey and Moorhead LLC's Motion to Dismiss.

### II.    Statute of Limitations

¶10    Jeffrey and Moorhead LLC argue that Shelley and Charles's claims are barred by the statute of limitations. However, Shelley and Charles contend that the statute of limitations was tolled by the continuing violations doctrine because Jeffrey and Moorhead LLC have continued to remain on the subject property without permission and without paying rent to Shelley or Charles.

¶11    The statute of limitations for an unjust enrichment claim is subject to a six-year statute of limitations per 5 V.I.C. § 31(a)(3)(A). *See Pegasus Holding Group Stables, LLC v. Share*, 2020 V.I. LEXIS 83, at *12 (V.I. Super. Ct. 2020) ("Plaintiff's unjust enrichment claim sounds in contract and should be governed by the six-year statute of limitations"). The statute of limitations

for a trespass upon real property claim is also subject to a six-year statute of limitations. 5 V.I.C. § 31(a)(3)(C).

¶12     The time frame for any statute of limitations claim begins when the cause of action accrues. *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 230 (2013). However, the continuing violations doctrine states that "when a claim involves continuing or repeated conduct, the limitations period does not begin to run until the date of the last injury or when the wrongful conduct ceased." *Id.* To show that the continuing violations doctrine applies, a "plaintiff must make a threshold showing that his claim involved continual unlawful acts, not continual ill effects from an original violation." *Id.*

¶13     Here, Shelley and Charles allege that Jeffrey and Moorhead LLC have continued to occupy the real property without paying rent. Whereas Jeffrey and Moorhead LLC assert that there was only a singular event that triggered the statute of limitations: Jeffrey Moorhead transferred his 25% interest in the property to his sister, Tiffany Moorhead, on September 21, 2009.[3]

¶14     The court in *World Fresh Market, LLC v. Jolly*, 2022 VI SUPER 75U (V.I. Super. Ct. 2022), stated that "[a]n unprivileged remaining on land in another's possession is a continuing trespass for the entire time during which the actor wrongfully remains." *Id.* at *P16. A continued trespass gives the possessor "a series of rights of action, unless and until the actor by his continued presence on the land disseises its possessor or acquires an easement in it." *Id.* Neither such action

---

[3] In the Complaint, Shelley and Charles assert one claim of unjust enrichment and one claim of trespass against Jeffrey Moorhead as an individual (Counts One and Two) and one claim of unjust enrichment and one claim of trespass against Moorhead LLC (Counts Three and Four). In Count Three against Moorhead LLC, Shelley and Charles allege that Moorhead LLC began using the premises and being unjustly enriched by that usage at the business's inception in August 2019. That would also be when Moorhead LLC's alleged trespass would have also begun. Therefore, regardless of the continuing violations doctrine, the claims against Moorhead LLC would not be barred by the statute of limitations because it began less than six years before the suit was filed.

is alleged in this matter. Given that Jeffrey's presence on the property constitutes an alleged continued trespass, then Jeffrey has made continual violations and his presence does not constitute a single trespass. Therefore, the trespass claims do not violate the statute of limitations.

¶15     Since Jeffrey's alleged trespass on the property is continual, the alleged unjust enrichment gained by Jeffrey is also continual. Therefore, the unjust enrichment claims do not violate the statute of limitations.

### III.     Failure to State a Claim

¶16     Jeffrey and Moorhead LLC assert that Shelley and Charles fail to state a claim for trespass because they do not have exclusive possession of the property. Shelley and Charles each have a 25% interest in the property. The remaining 50% interest is titled to Tiffany Moorhead, who is not a party to this suit. Therefore, Jeffrey asserts that because Shelley and Charles do not have exclusive ownership of the property, they cannot bring an action against Jeffrey and Moorhead LLC for trespassing.

¶17     In *Klein v. Bassil*, 78 V.I. 593 (2023), the Virgin Islands Supreme Court adopted the Restatement's rule for trespass:

> A plaintiff claiming trespass has the burden of proving that the defendant intentionally (a) entered land in the possession of the other, or caused a thing or third person to do so, or (b) remained on the land, or (c) failed to remove from the land a thing which he was under a duty to remove.

*Id.* at 610 (quoting Restatement (Second) of Torts § 158).

¶18     In their complaint, Shelley and Charles allege that Jeffrey and Moorhead LLC were intentionally on the property of another without permission and remained on that property without permission. While the third co-owner of the property, Tiffany Moorhead, has not joined the Plaintiffs in this action, neither party stated whether Tiffany has given Jeffrey permission to use

the premises. The court researched the elements for trespass and governing case law and found no language that requires that a person or persons bringing an action for trespass be the exclusive possessors or owners of the property. Jeffrey and Moorhead LLC assert otherwise, but they offered the court no citation to support that legal argument.

¶19    In considering a motion to dismiss, the court must determine if the plaintiffs gave the defendants notice of the claims brought against them; the motion to dismiss is not an avenue to address the merits of the claim. The Plaintiffs are not required to allege specific facts at this stage. The court finds that Shelley and Charles have adequately put Jeffrey and Moorhead LLC on notice of the civil trespass claim brought against them. Therefore, the Motion to Dismiss the civil trespass claim will be denied.[4]

## CONCLUSION

¶20    The court finds that Shelley and Charles's claims are not barred by the statute of limitations because the continuing violations doctrine applies. Jeffrey's alleged trespass constitutes a continued trespass and thus creates a series of causes of action. Since the alleged trespass is a continued violation, Plaintiffs have a continuing claim for unjust enrichment against Jeffrey. The court also finds that there is no governing law stating that the Plaintiffs must have exclusive possession or ownership of the subject property to assert a trespass claim. Therefore, the trespass claim meets the notice pleading standard. Consequently, Defendants' Motions to Dismiss will be denied.

---

[4] In their conclusion, Jeffrey Moorhead and Moorhead LLC assert that the unjust enrichment claim should be dismissed if there is no trespass claim. Because the trespass claim remains, so does the unjust enrichment claim.

An Order consistent with this Memorandum Opinion will immediately follow.

DATED: February 24, 2025

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____

**DONNA DONOVAN**
Court Clerk Supervisor 2/24/2025